J-A26026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID LEE JUDY | : | |
| | : | |
| Appellant | : | No. 36 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 27, 2018
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0002463-2016

BEFORE: SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY LAZARUS, J.: **FILED JANUARY 6, 2020**

David Lee Judy appeals from the judgment of sentence, entered in the Court of Common Pleas of Westmoreland County, following his convictions for driving under influence (DUI) general impairment,[1] DUI high rate of alcohol,[2] disregarding traffic lanes,[3] careless driving,[4] and failure to use safety belt.[5] After careful review, we affirm.

On July 22, 2015, around 9:55 p.m., Judy was driving near Motordrome Road in Westmoreland County. Trooper Andrew Reith noticed Judy driving a

_____

[1] 75 Pa.C.S. § 3802(a).

[2] 75 Pa.C.S. § 3802(b).

[3] 75 Pa.C.S. § 3309(1).

[4] 75 Pa.C.S. § 3714(a).

[5] 75 Pa.C.S. § 4581(a)(2).

red Chevrolet pick-up truck. Over several hundred yards, Trooper Reith observed the Chevrolet's driver's side tires cross over the yellow center lines on three separate occasions. Judy turned off Motordrome Road, but a closed gate prevented him from going further. Soon after Judy turned back onto Motordrome Road, Trooper Reith signaled Judy to pull over. Judy complied.

During the traffic stop, Trooper Reith detected a strong odor of alcohol emanating from Judy's breath, and noticed that Judy's speech was slurred, and that his eyes were bloodshot and glassy. Trooper Reith conducted a field sobriety test requiring Judy to stand on one leg, with his arms at his side, while counting until Trooper Reith instructed him to stop. Judy failed the test by raising his arms for balance and placing his raised foot down several times. Trooper Reith then administered the horizontal gaze nystagmus test that Judy also failed. Trooper Reith arrested Judy for suspicion of DUI.

Trooper Reith accompanied Judy to the barracks and read him the chemical testing warning from the DL-26 implied consent form. Judy consented to a breath test. Trooper Reith signed the DL-26 form indicating Judy consented to the breath test, but Judy did not sign the form. Trooper Reith testified that he usually only has the suspect sign the form when they refuse a chemical test. Trooper Reith observed Judy for 20 minutes and then administered a breath test. The breath test results showed Judy had a blood alcohol content (BAC) of 0.14 percent.

On December 14, 2016, Judy filed a pretrial motion to suppress the evidence of the breath test. At the suppression hearing, Judy testified that

Trooper Reith did not read to him the implied consent form. On February 12, 2018, Judy filed a memorandum in support of his motion to suppress. The Commonwealth responded on April, 12, 2018, and the Honorable Christopher A. Feliciani denied the motion on May 2, 2018, finding Trooper Reith had sufficient probable cause to pull Judy over and that Judy consented to the breath test.

After a nonjury trial on November 27, 2018, the Honorable Rita Donovan Hathaway found Judy guilty of the above-mentioned crimes, but not guilty of reckless driving.[6] Judy was sentenced to six months' intermediate punishment, with 30 days of home electronic monitoring. Judy did not file post-sentence motions. This timely appeal followed.

Judy raises three issues for our review. First, he argues all evidence obtained from the vehicle stop should have been suppressed because Trooper Reith did not have probable cause to make a traffic stop. Next, he argues the BAC evidence should have been suppressed because the breath test was taken without consent. Finally, Judy argues the evidence was insufficient to sustain the verdicts.

Our standard of review for evaluating suppression rulings is well-settled. In reviewing the rulings of a suppression court, our task is to determine whether the factual findings are supported by the record. *See in re L.J.*, 79 A.3d 1073, 1080 (Pa. 2013). We are bound by the factual findings of the

---

[6] 75 Pa.C.S. § 3736(a).

suppression court that find support in the record. ***Commonwealth v. Milner***, 888 A.3d 680, 685 (Pa. 2005). However, we are not bound by that court's conclusions of law. ***Commonwealth v. Nester***, 709 A.2d 879, 891 (Pa. 1998). Because the suppression court found in the Commonwealth's favor, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense that remains uncontradicted when read in the context of the record as a whole. ***Commonwealth v. Baker***, 24 A.3d 1006, 1015 (Pa. Super. 2011).

Judy first argues that Trooper Reith did not have probable cause to pull him over. In this case, Trooper Reith initiated a traffic stop based on Judy's disregard for traffic lanes pursuant to Section 3309(1) of the Motor Vehicle Code, which provides, "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety." 75 Pa.C.S. § 3309(1). An officer must have probable cause to justify a traffic stop for a violation of Section 3309(1). ***See Commonwealth v. Feczko,*** 10 A.3d 1291, 1292 (Pa. Super. 2010); ***see also Commonwealth v. Cephus***, 208 A.3d 1096, 1099 (Pa. Super. 2019). In ***Cephus***, this Court found that the vehicle stop was supported by probable cause when the arresting officer observed Cephus's vehicle cross the center line four times while traveling "a couple hundred yards." **Cephus**, 208 A.3d at 1098-99.

Here, Trooper Reith observed Judy drive over the center line three times and erroneously pull into a closed entryway. After observing Judy's driving, Trooper Reith decided he would pull over Judy when they approached a large gravel parking lot. N.T. Preliminary Hearing, 5/18/16, at 10. Viewing the evidence in favor of the verdict winner, we find Trooper Reith had probable cause that Judy was violating the Motor Vehicle Code, justifying the traffic stop. *See Cephus*, 208 A.3d at 1099-1100.

Judy next argues that Trooper Reith took the breath test involuntarily and the results should be suppressed. Judy argues Trooper Reith did not read him the implied consent warning and Judy did not sign the implied consent form. However, Officer Reith had no duty to inform Judy he had a right to refuse a breath test. *See Commonwealth v. Robertson*, 186 A.3d 440, 447 (Pa. Super. 2018). Furthermore, a signed DL-26 form is not required to show consent to a breath test. *See Commonwealth v. Moser*, 188 A.3d 478, 481 (Pa. Super. 2018). We must consider the evidence in the light most favorable to the verdict winner and are bound by the factual determinations of the trial court supported by the record. *See Milner*, 888 A.3d at 685; *Baker*, 24 A.3d at 1015. Trooper Reith testified that Judy consented to the breath test and the trial court found his testimony credible. Opinion and Order of the Court, 5/1/18, at 5-6; N.T. Trial, 11/27/19, at 23. The record supports the trial court's finding that Trooper Reith read Judy the DL-26 form and Judy

consented to the breath test. Thus, the court properly denied Judy's motion to suppress the BAC evidence.

In Judy's last issue, he argues that the evidence was insufficient to support his convictions for DUI general impairment and DUI high rate of alcohol. We review Judy's sufficiency of the evidence claims as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Vargas*, 108 A.3d 858, 867-68 (Pa. Super. 2014) (citation omitted).

A person commits the crime of DUI general impairment when he drives a vehicle "after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. 3802(a). The Commonwealth must prove: 1) that the defendant was the operator of the

vehicle; and 2) while operating the vehicle, the defendant was under the influence of alcohol to such a degree as to render him incapable of safe driving.

*Commonwealth v. Gause*, 164 A.3d 532, 541 (Pa. Super. 2017).

> Evidence that the driver was not in control of himself, such as failing to pass a field sobriety test, may establish that the driver was under the influence of alcohol to a degree which rendered him incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving

*Commonwealth v. Palmer*, 751 A.2d 223, 228 (Pa. Super. 2000).

At trial, the Commonwealth presented evidence that Judy crossed the center line on three occasions and turned onto a closed entranceway. Judy failed field sobriety tests given by Trooper Reith and recorded a 0.14% BAC later that evening. Thus, the Commonwealth offered sufficient evidence to show that Judy could not safely operate a vehicle after imbibing alcohol. *See id.*

Judy also argues that the evidence of DUI high rate of alcohol was insufficient if the BAC evidence was suppressed as he argued in his first two issues. As we have declined to reverse the trial court's suppression decision, this claim is moot. A person commits the crime of DUI high rate of alcohol when he drives a vehicle "after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven." 75 Pa.C.S. 3802(b). Judy's BAC result was 0.14% when he was tested at the

station, which is within the required 0.10%-0.16% range specified by statute.

***See id.***

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/6/2020